UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAYLOR CARROLL, Individually and on Behalf of the Class, | * CIVIL ACTION NO.<br>*<br>* |
| | * JUDGE: |
| VERSUS | *<br>* |
| DIRECTV, LLC | * MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE RELIEF

The Complaint of Plaintiff, TAYLOR CARROLL, domiciled in the parish of Ascension in the State of Louisiana, on behalf of all others similarly situated, respectfully represents the following:

## NATURE OF THE CASE

1.

This suit asserts allegations that Defendant DIRECTV, LLC ("DirecTV") violated the Telephone Consumer Protection Act (47 U.S.C. § 227) (TCPA), and other legal prohibitions under statutory and common law, with its marketing and advertising campaigns by placing

phone calls to cellular telephones (or to a telephone number assigned to a service for which the called party is charged for the call) using an automatic telephone dialing system and an artificial or prerecorded voice.  In particular, Defendant advertised its television services by placing thousands of phone calls over the past four years using automatic telephone dialing equipment and an artificial or prerecorded voice to cellular phone subscribers without their prior express written consent.  The placing of phone calls to cellular phone lines with automatic telephone dialing equipment and an artificial or prerecorded voice without the recipients' consent violates 47 U.S.C. § 227(b)(1)(A).

2.

This suit is brought on behalf of all recipients of telephone calls sent or placed by DirecTV from phone number 800-531-5000 to the recipients' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice within the past four years.

3.

Plaintiff, on behalf of himself and a class of similarly situated persons or legal entities, brings this suit under the TCPA, other statutes, and common law for injunctive relief and an award of compensatory and statutory damages, together with costs, reasonable attorneys' fees, and pre-judgment interest.

## JURISDICTION AND VENUE

4.

This Honorable Court is vested with jurisdiction over this action under the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) ("TCPA" or "Act"). The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3).

5.

In addition, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

## DESCRIPTION OF THE PARTIES

6.

Plaintiff party is:

TAYLOR CARROLL, a major individual domiciled in the parish of Ascension and the state of Louisiana. Plaintiff received at least one telephone call from DirecTV on his cellular telephone within the last four years without giving his prior express written consent. The most recent call was received on May 28, 2014 at 3:58 PM. The recorded message advertised DirecTV's services.

3

7.

Defendant party is:

DIRECTV, LLC ("DirecTV"), a foreign corporation headquartered in California with its principal place of business located at 2230 E. Imperial Highway, El Segundo, California 90245.  DirecTV transacts business in the State of Louisiana and this judicial district.

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

8.

In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.

The TCPA regulates, among other things, the use of automated telephone dialing systems, or "autodialers." The plain language of sections 227(a)(1) defines an autodialer as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.  Further, the plain language of sections 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless phone number in the absence of an emergency or the prior express consent of the called party.

4

10.

Likewise, the TCPA prohibits the placement of calls to a recipient's cell phone using an artificial or prerecorded voice and without the recipient's prior express written consent.

11.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, these calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

12.

Equipment that has the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," is sufficient to satisfy the statutory definition of an automatic telephone dialing system ("ATDS"), even if that capacity is not used. To require actual use of the equipment's capacity to store or produce numbers using a random or sequential generator would render the phrase "which has the capacity"' mere surplusage.  Congress included a definition that provides that the equipment need only have *the capacity* to store or produce numbers.  Therefore, the plain text of the statute requires only the "capacity" for such random or sequential generation.  Accordingly, a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it to meet the definitions of ATDS.

13.

Thus, telephone calls made to wireless phone numbers placed using equipment with the capacity to meet the definition of an ATDS or made with an artificial or prerecorded voice are expressly prohibited in the absence of the prior express consent of the subscriber.

14.

Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on DirecTV to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**Placing and Receipt of the Calls**

15.

At all relevant times Plaintiff was an individual residing in the state of Louisiana. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(32).

16.

In early 2014, Plaintiff orally agreed to purchase television services from DirecTV. At that time, Plaintiff provided DirecTV with his contact information, including his cellular telephone number. At no time did Plaintiff give his consent for Defendant to use his phone number for the purpose of making telephonic solicitations.

17.

Shortly thereafter, on May 28, 2014 at 3:58 PM, Plaintiff received a telephone call

from DirecTV on his cellular telephone at XXX-XXX-2606.  The phone call was in the form

of a pre-recorded message from phone number 800-531-5000, and stated as follows:

> Hi, this is Brian from DIRECTV. We hope that you are enjoying your free trial
> of HBO, Cinemax, Starz, and Showtime on channels 501 to 557, and with your
> HD DVR you also have free trial access to DIRECTV Premium on Demand
> featuring additional shows and movies beyond the regularly scheduled
> programming. Simply tune to channels 1501 to 1515 to see early premiers of
> select shows, catch up on past seasons, and watch what you want, when you
> want, and now DIRECTV Everywhere lets you watch your favorite HBO,
> Cinemax, Starz, and Encore! titles from anywhere. Directly from your laptop,
> tablet, and cell phone. Go to DIRECTV.com for more info. If you have any
> questions, please call 1-800-531-5000. Goodbye.

18.

All telephone calls made by Defendant to Plaintiff on his cellular telephone occurred

with the use of an ATDS, as defined by 47 U.S.C. § 227(a)(1), and all calls included in this

suit occurred within four years of the filing of this Complaint.

19.

The telephone number that Defendant used to contact Plaintiff, made by an ATDS,

was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20.

The subject telephone calls were not made for an emergency purpose as defined by

47 U.S.C. § 227(b)(1)(A)(i).

21.

Plaintiff did not provide Defendant his "express consent" to place telephone calls to

his cellular phone using an ATDS, within the meaning of 47 U.S.C. § 227(b)(1)(A).

22.

Identical telephone calls made by an ATDS from telephone number 800-531-500 were similarly placed on repeated occasions to other cellular phone numbers belonging to the other members of the class over the past four years.   None of those subscribers gave Defendant their prior express consent to receive the calls and they were not made for emergency purposes.   Upon information and belief, Defendant placed these phone calls multiple times a week to the members of the Class.

23.

Upon information and belief, Defendant placed numerous calls to Plaintiff and the class members weekly.   As a result, thousands of  telephone calls were placed by Defendant on a weekly basis to the class members, resulting in thousands of calls made by Defendant to the Plaintiff and the class members over the past four years.   These telephone calls were placed for the commercial purpose of selling Defendant's cable television services.

24.

The phone calls sent to the thousands of cellular telephone numbers subscribed to by the class members over the past four year caused each class member to sustain actual damages including costs associated with loss of use of their cellular phones, interruption of other usage of the cellular phones, nuisance, annoyance, invasion of privacy, additional costs incurred when the number of calls in a given month exceeds his cell phone data plan and/or the costs of minutes associated with his cell phone plan.

## CLASS ALLEGATIONS

### 25.

Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b) on behalf of himself and the following class ("The Class"): All persons or legal entities domiciled within the United States who, within the last four years, received a telephone call on their cellular telephone (or to a telephone number assigned to a service for which the called party is charged for the call) from phone number 800-531-5000 placed by or on behalf of DirecTV with an automatic telephone dialing system without the subscriber's prior express consent. Excluded from the Class are all judges and Court personnel employed by the United States District Court for the Middle District of Louisiana and all officers, directors and employees of Defendant.

### 26.

The Class consists of thousands of individuals and legal entities who are geographically dispensed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the respective classes and identities of the individual members thereof are ascertainable through Defendant's records, or the records of its representatives, including but not limited to the transmission logs.

### 27.

The claims of Plaintiff are typical of the claims of the class members. The claims of the Plaintiff and the respective class members are based on the same legal theories and arise

from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the class members.

28.

The class members have a well-defined community of interest.  The Defendant acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

29.

There are numerous questions of law and fact common to the claims of Plaintiff and the class, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

30.

Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.   The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

31.

Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

10

(a)     Whether Defendant's conduct violates 47 U.S.C. § 227(b)(1)(A);

(b)     Whether Defendant's phone calls were made for an emergency purpose;

(c)     Whether Defendant obtained the phone call recipients' prior express consent;

(d)     Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendant;

(e)     Whether Defendant converted and/or caused loss of use of plaintiffs' property;

(f)     Whether Defendant owed any duty to plaintiffs;

(g)     Whether Defendant breached any duty owed to plaintiffs;

(h)     Whether Defendant violated the privacy rights of plaintiffs;

(i)     Whether Defendant's breach of duty caused plaintiffs' compensatory damages;

(j)     Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendant;

(k)     Whether Defendant's conduct constituted a nuisance;

(l)     Whether Defendant's conduct caused plaintiffs inconvenience and/or annoyance;

(m)    Whether plaintiffs and members of the class are entitled to compensatory damages;

(n)     Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

(o)     Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining defendant from continuing to engage in its unlawful conduct.

32.

Plaintiff will fairly and adequately represent and protect the interests of the respective

11

class members.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

33.

This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(b). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## COUNT I - LIABILITY PURSUANT TO THE TCPA

34.

Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

35.

Defendant placed, or caused to be placed, calls to Plaintiff and the Class with an automatic telephone dialing system, within the meaning of 47 U.S.C. § 227(a).  The equipment used by Defendants had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, defendants, or their agent, were capable of making thousands of calls to the

subscribers of cellular phone numbers automatically without human intervention.

36.

These calls were made *en masse* without the prior express consent of Plaintiff and the other members of the Class.

37.

Thus, Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone."

38.

Plaintiff received, on May 28, 2014 at 3:58 PM CST, a call transmitted and/or placed by or on behalf of DirecTV on his cellular telephone.

39.

This call was sent without Plaintiff's prior express consent and in violation of 47 U.S.C. § 227 *et seq*.

40.

The call was received by Plaintiff on his cellular telephone.  The costs for services for the cellular telephone number on which the Plaintiff received the calls are paid by Plaintiff. Thus, Plaintiff incurs all of the costs associated with the receipt of the calls on that cellular

telephone, including cost of service, cost of the cellular telephone, inconvenience, interruption of other usage of the cellular telephone, and the invasion of privacy.

41.

Plaintiff is entitled to recovery of statutory damages as provided for by 47 U.S.C.A. § 227 *et seq*., specifically including 47 U.S.C. 227(b)(3)(A).

42.

Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover for actual monetary loss from a violation of the TCPA, or to receive $500 in damages for each such violation, whichever is greater.

43.

Accordingly, as a proximate result of the Defendant's conduct, the plaintiff Class has incurred actual damages associated with the cost of the receipt of the phone calls, usage of cellular phone minutes and plan allowances, inconvenience, and the invasion of the recipient's privacy.

44.

Further, in the alternative, the plaintiff Class is entitled to recover statutory damages under the Act, as set forth above, based on the placing of the phone calls by Defendant.

45.

In addition, if the court finds that the Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal

to not more than 3 times the amount available under 47 U.S.C. § 227(b)(3).

46.

In this regard, the United States of America filed suit against DirecTV twice in 2005 and 2009 in connection with its failure to comply with the requirements of the TCPA. In both instances, DirecTV entered into a Stipulated Judgment and Order for Permanent Injunction and DirecTV agreed to pay multi-million dollar penalties.

47.

Additionally, the Class seeks injunctive relief requiring that Defendant be enjoined from placing or transmitting additional phone calls in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT II - CONVERSION

48.

Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

49.

By sending Plaintiff and the class members unsolicited phone calls, Defendant deprived plaintiffs and class members of the use of, and converted to their own use, the cellular telephones belonging to plaintiff and the class members.

50.

Immediately prior to the placing of the unsolicited calls, plaintiff and the class

members owned and had an unqualified and immediate right to the possession of the cellular telephone.

51.

By sending the unsolicited calls, Defendant appropriated to its own use, and deprived plaintiff and the class members of the use of, the cellular telephones used to receive the calls, such that they could not be used for the receipt of any other data or calls.  Such appropriation was wrongful and without authorization.

52.

Defendant knew or should have known that such appropriation of the cellular telephones was wrongful and without authorization.

53.

Plaintiff and the class members were deprived of their cellular telephones, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited calls.

54.

Defendant should be enjoined from committing similar violations in the future.

### COUNT III - NEGLIGENCE

55.

Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

56.

Among other duties, Defendant owed a duty not to damage plaintiffs.  However, Defendant and/or its agents, by error and neglect, permitted, suffered, required, ratified, directed, and/or otherwise proximately caused the acts and omissions that have damaged plaintiffs as referenced herein.

57.

If Defendant and/or its agents had not been negligent in their acts or omissions, or their supervision, management, direction, instruction, training, guidance, assistance, and/or control of each other, their agents, or themselves, then the marketing practices and/or phone calls referenced herein would have comported with all applicable law, and none of the inherently injurious calls referenced herein would have been transmitted to the telephonic devices of plaintiffs.

58.

In this regard, by transmitting the unsolicited calls to plaintiffs, the Defendant violated its duty or duties to plaintiffs.

59.

For such reasons and/or otherwise as a consequence of Defendant's negligence proximately causing injuries to Plaintiffs and/or their property, plaintiffs are entitled to recover from Defendant the actual or compensatory damages referenced herein and in accord with proof.

60.

Defendant should be enjoined from committing similar violations in the future.

## COUNT IV - INVASION OF PRIVACY

61.

Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

62.

Defendant, by its acts and omissions described herein, has invaded plaintiff and the class members' privacy and/or committed an unauthorized intrusion for prying into plaintiff and the class members' seclusion.

63.

The invasion of privacy and/or intrusion committed by the Defendant has been highly offensive and/or objectionable to plaintiff and the class members.

64.

The invasion of privacy and/or intrusion committed by the Defendant would be highly offensive and/or objectionable to any reasonable person.

65.

Defendant invaded and/or intruded on the privacy and/or private matters of plaintiff and the class members.

66.

The invasions of privacy and/or intrusion committed by Defendant has caused plaintiff and the class members anguish and suffering, as well as additional damages as described herein.

## COUNT V - PRIVATE NUISANCE

67.

Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

68.

Defendant, by its acts and omissions described herein, has invaded the plaintiff and the class members' interest in the use and enjoyment of their property.

69.

Defendant's invasions have been substantial, negligent and unreasonable, and have constituted a nuisance with respect to plaintiff and the class members.

70.

Defendant's invasions would constitute a nuisance with respect to any reasonable person.

71.

Defendant's invasions have made life uncomfortable for plaintiff and the class members, and have caused plaintiff and the class members actual damages as described

herein.

## COUNT VI - PUBLIC NUISANCE

### 72.

Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

### 73.

Plaintiff, the class members, and the rest of the public, have a right to be free from the inconvenience and annoyance of unsolicited calls placed to their cellular telephones.

### 74.

Defendant, by its acts and omissions as described herein, has substantially and unreasonably interfered with these rights.

### 75.

Defendant, by its acts and omissions as described herein, has proximately caused plaintiff and the class members, in particular, actual damages as described herein.

## COUNT VII - VIOLATION OF VARIOUS STATES'
## UNFAIR TRADE PRACTICES LAWS

### 76.

Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

### 77.

Each of the plaintiffs and members of the Class is a person entitled to the protection

of the consumer protection and/or unfair trade laws of the state in which they reside and received an unsolicited phone call from Defendant.

78.

The consumer protection and/or unfair trade laws of the state in which each of the plaintiffs resides and received an unsolicited phone call from Defendant declares that unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful.

79.

The states where these plaintiffs reside, including the state of Louisiana, have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent, and unconscionable trade and business practices and false advertising that further allow consumers to bring private and/or class actions.

80.

Plaintiff and the class members have suffered an ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice declared unlawful.  In particular, Defendant has placed phone calls without the consent of the recipients and in violation of these various consumer protection and/or unfair trade laws.

81.

Defendant knew or should have known that their calls violated these various consumer protection and/or unfair trade laws.

82.

The plaintiff and members of the class are entitled to actual compensatory and/or statutory damages, as well as attorneys' fees and costs of suit, to the fullest extent permitted pursuant to the various state laws implicated by this claim.

## DEMAND FOR PRESERVATION

83.

Plaintiff also specifically demands that Defendant retain and preserve all records related to the allegations in this Complaint.  Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1)   Scripts of messages to be used for telephone calls placed over the past four (4) years, with corresponding dates when those messages were used;

(2)   Any and all training materials used for persons making telemarketing calls in the past four (4) years, with corresponding dates when those training materials were used;

(3)   List of all phone numbers to which telephone advertisements were sent within the last four years;

(4)   List of all persons or phone numbers who requested to opt-out of receiving telephone calls over the past four years;

(5)   Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to you by any company or person you retained to transmit telephone calls on your behalf;

(6)   Any proof Defendant contends shows that it obtained the prior express consent of any recipient of the telephone calls;

(7)   Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of telephone calls sent by Defendant or on its behalf within the last four years;

(8)    Copies of any and all policies or procedures implemented by Defendant with regard to the transmission of telemarketing phone calls, as well as marketing activities and restrictions;

(9)    Documents related to Defendant's cost for transmitting the telemarketing telephone calls placed by Defendant or on their behalf within the last four years; and

(10)   Demand is made on Defendant to notify any third parties or vendors retained by them to place telephone calls of this preservation demand and request production of any documents requested through this demand.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against the defendants, as follows:

(1)    An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the plaintiff and his counsel to represent the class;

(2)    For compensatory damages as alleged herein;

(3)    For statutory penalties as provided for under 47 U.S.C. § 227(b)(3);

(4)    For an injunction restraining Defendant from placing any more telephone calls to cellular telephone without prior express consent using a equipment meeting the definition of an Automatic Telephone Dialing System;

(5)    For pre-judgment interest from the date of filing this suit;

(6)    For reasonable attorney's fees;

(7)    For all costs of this proceeding; and

(8)    For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

RESPECTFULLY SUBMITTED,


BY:___s/ Christopher K. Jones_____
JOHN P. WOLFF, III, Bar #14504
CHRISTOPHER K. JONES, Bar #28101
KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana  70802
Telephone:  (225) 383-3796
Facsimile: (225) 343-9612
jwolff@kcwlaw.com
cjones@kcwlaw.com

-and-

PHILIP BOHRER, Bar #14089
SCOTT E. BRADY, Bar #24976
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
phil@bohrerlaw.com
scott@bohrerlaw.com